## Parker Winn & wife *vs.* City of Lowell.

If an injury is caused by reason of the elevation of one edge of a plank, which is laid over an open space left for the passage of water in a public street, and this is found to be an actionable defect, it is enough to authorize a verdict for the plaintiff if the plank has been split, loose, liable to change and unsafe for twenty four hours before the accident, or if the city authorities had reasonable notice of its unsafe condition, although the position of the plank which was the immediate cause of the accident had only continued for a short time.

Common prudence requires of a person of poor sight greater care in walking upon the public streets, and in avoiding obstructions, than is required of persons of good sight, and. in an action against a town to recover damages sustained by reason of a defective highway, in which it appears that the plaintiff's eyesight was poor and weak, the omission so to instruct the jury, in compliance with the request of the defendants, is sufficient ground for a new trial.

TORT to recover damages sustained by the female plaintiff, by reason of a defective highway.

At the trial in the superior court, there was evidence tending to prove that, in the afternoon of the day of receiving the injury complained of, the female plaintiff was walking in Bridge Street, in Lowell, in which there was a brick sidewalk; that coming to Paige Street, she undertook to cross the same upon a stone walk which was laid there; that an open space of about a foot in width was left between the brick sidewalk and the stone crossing for the passage of water, over which a plank was placed which, for a considerable time before the time of the accident, had been insecurely fastened down, and had become split, and on one or more occasions had been out of place; that, at the time of the accident, one part of the plank was out of place, and one edge raised up about an inch and one half; and that the female plaintiff, in attempting to cross at this place, struck her foot against this raised edge of the plank, which threw her down and caused the injury complained of. There was also evidence that her eyesight was poor and weak, that she usually wore spectacles when walking in the street, but did not wear them at this time, and that she was walking very fast. It was not denied that the defendants were bound to keep Bridge Street in repair.

The defendants requested the following instructions:

1. The plaintiff cannot recover unless the particular defect which was the immediate and proximate cause of the injury, of which she complains, had existed for twenty four hours, or unless the city had notice of the defect if it had not existed twenty four hours, for a time sufficiently long before the accident to enable them, by using reasonable diligence, to repair the defect.

2. If the jury find that the injury of which the plaintiff complains was caused by striking her foot against a piece of plank projecting an inch and a half above the level of the street, in the manner described, and that the plank thus projecting was a defect, the city will not be liable, unless they also find that the projection of the plank had existed for twenty four hours, or that the city had reasonable notice of the defect.

3. If the jury find that the plank was loose, and was and had

Winn & wife *v*. City of Lowell.

been split for more than twenty four hours, and that it had before been out of place and that such condition of the plank was a defect, the city will not be liable, because the plaintiffs do not claim that the general condition of the plank was the immediate and proximate cause of the injury.

4. The plaintiff can only recover in this case by reason of the immediate cause of the injury, and not because the general condition of the street or place was unsafe.

5. The city is not bound to take the highest possible care, but only ordinary care; they are not insurers against accident; they are not obliged to keep their streets and crossings even or smooth; and an object against which a foot passenger might trip, though it was unlikely and improbable that she would do so, is not ordinarily a defect in a street.

6. If the plaintiff was a person of poor sight, common prudence required of her greater care in walking upon the streets, and avoiding obstructions, than is required of persons of good sight.

*Rockwell*, J., gave the first instruction substantially as requested. He declined to give the instructions asked for in the 2d, 3d, and 4th requests; and, instead thereof, instructed the jury that, if the plank was split, and loose, and liable to change, and unsafe, for twenty four hours before the accident, and continued so until the time of the accident, or if the city authorities had reasonable notice that it was unsafe, the defendants would be liable, although the position of the plank which was the immediate cause of the accident had not continued an hour. He gave the instruction asked for in the fifth request, with the omission of the last clause thereof. He declined to give the last instruction prayed for; but, instead thereof, instructed the jury that " although her sight was impaired, yet, unless materially affected, that they should take the state of her eyesight, as proved, into consideration, upon the question of due care on her part."

The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*T. H. Sweetser*, for the defendants.

*A. R. Brown*, for the plaintiffs.

METCALF, J.   We find nothing erroneous in any of the rulings or instructions at the trial, except the last instruction, which should have been given as prayed for by the defendants; namely, that if the female plaintiff was a person of poor sight, common prudence required of her greater care in walking upon the streets, and avoiding obstructions, than is required of persons of good sight.

The instructions on the first five prayers of the defendants were substantially correct; they accurately stated the general principles of law which were applicable to the case; and the only objection to them is, that they were not discriminatingly applied by the judge to the testimony before the jury.   But this is not a legal ground of exception in any case, unless the court can see that the jury may have been misled, or may not have sufficiently understood the instructions to enable them to decide according to the rules of law therein expressed.   We do not perceive anything unintelligible, or likely to mislead the jury, in these five instructions.

It is not to be inferred that the court, by overruling all the exceptions but the last, decide that an elevation of a plank an inch and one half above its proper level, in a street, is an indictable or actionable defect in the street.       *New trial granted.*